UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| DENNIS LEE MULFORD, | Case No. 3:23-cv-00104-ART-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| WASHOE COUNTY, STATE OF NEVADA, | |
| Defendant. | |

*Pro se* Plaintiff Dennis Lee Mulford brings this action under 42 U.S.C. § 1983 for alleged constitutional violations related to his detention at Washoe County Detention Center. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla Baldwin (ECF No. 4), recommending this action be dismissed without prejudice. Plaintiff had until May 26, 2023 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will dismiss the case without prejudice.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that

the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review and is satisfied Judge Baldwin did not clearly err. Here, Judge Baldwin recommends dismissing the action without prejudice because of Plaintiff's failure to prosecute the case and failure to timely comply with an order to submit a complete application to proceed *in forma pauperis* ("IFP Application"). (ECF No. 4 at 2.) The Court agrees with Judge Baldwin. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

The Court notes that after Judge Baldwin issued the R&R, Plaintiff filed a new IFP Application. (ECF No. 5.) This new application was filed after the deadline set forth in Judge Baldwin's Order denying the initial application. (ECF No. 3.) The new application was filed before the deadline for an objection to the R&R. In the new application, Plaintiff provided some evidence showing that he did not receive notice of the Order requiring a new IFP Application until the day after the new application was due. Regardless, the new IFP Application is not fully complete. The Court will therefore still adopt Judge Baldwin's R&R and instructs Plaintiff that he may still refile his case, and that if he chooses to do so, he should ensure that any IFP Application filed with the new case includes all necessary documents and signatures.

//
//
//
//
//
//
//
//

IT IS THEREFORE ORDERED that Judge Baldwin's Report and Recommendation (ECF No. 4) is accepted and adopted in full.

IT IS FURTHER ORDERED that this action be dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiff's most recent IFP Application (ECF No. 5) is denied as moot.

The Clerk of the Court is directed to enter judgment accordingly.

DATED THIS 3rd day of November 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE